IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FREDERICK NOLE,<br>    Petitioner, | : | CIVIL ACTION |
| v. | : | NO. 05-cv-5722 |
| GEORGE W. PATRICK, et al.,<br>    Respondent. | : | |

MEMORANDUM AND ORDER

      The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If a federal court issues a writ of habeas corpus, the prisoner will be released from state custody or federal custody (depending on the facts of the case) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001).

      By means of AEDPA, Congress intentionally created a series of restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus. One such intentionally restrictive gate-keeping condition is AEDPA's strict and short statute of limitations. Another intentionally restrictive gate-keeping condition is AEDPA's so-called "second or successive rule", which generally forbids a litigant

1

from filing a habeas if that litigant had at least one prior habeas that was dismissed with prejudice. For purposes of the second or successive rule, the concept of "dismissal with prejudice" means either**:**

> 1. that the prior case was dismissed after merits consideration and denial on the merits; *or,*
>
> 2. that the prior case was dismissed on grounds of procedural default;[1] *or*,
>
> 3. that the prior case was dismissed on grounds of AEDPA's statute of limitations.

See, e.g., Jones v. Morton, 195 F.3d 153, 156 n. 2 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. § 2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition. See Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005); Christy, 115 F.3d at 208.

On October 28, 2005, petitioner filed the above-captioned petition in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. § 2254. Petitioner has filed three previous

---

[1] Procedural default occurs when a § 2254 petitioner in this district court previously had the right to file an appeal of the conviction and/or sentence involved to a state court, or the right to file an application for post-conviction relief the conviction and/or sentence involved to a state court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state court dictates that the time has passed for such a state filing.

petitions in this court pursuant to 28 U.S.C. § 2254,[2] all three of which attacked the same conviction and/or sentence attacked in 05-cv-5722, and all three of which were dismissed with prejudice.  Therefore, the second or successive rule is triggered in this matter.

      Accordingly, this 14th day of May, 2007, it is hereby ORDERED as follows:

1. This civil action is DISMISSED WITHOUT PREJUDICE on the grounds that this court lacks subject matter jurisdiction over it.

2. All outstanding motions are DENIED as MOOT.

2. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as CLOSED in this court for all purposes, including statistics.

      BY THE COURT:

      S/ James T. Giles
      J.

---

[2] Properly labeled by the Clerk of this Court as 76-cv-3277, 97-cv-0879 and 02-cv-1315.